LAMB <i>v.</i> FRIES.

The assignment executed by an insolvent on his discharge by a foreign court, having apt words, will pass land in Pennsylvania.

ERROR to the Common Pleas of Northampton county.

*Dec.* 16.—C. L., in 1802, devised to his wife, Sarah, all his real and personal estate for life, first paying debts, and at her decease he gave the same to his son Jacob. He then directed her to maintain his son. If Jacob died during her life, her estate was to be absolute, "him leaving no

lawful issue, but if he dies and leaves issue, then the same to fall to his lawful issue at the time aforesaid, being the time of my widow's decease." If the widow married, the executors were to take the estate and give it to the son at twenty-one. Land passing under this will was the subject of the controversy.

In 1821, Jacob was discharged as an insolvent, in Northampton, the assignee not giving bond or acting. In 1837, he was also discharged by the inferior Court of Common Pleas, of Warren county, New Jersey, and assigned to P. J., his executors and administrators, in trust for his creditors. This assignee never acted, nor was the assignment recorded in Pennsylvania. In 1838, Fries obtained a judgment, which has been duly revived. In 1842, Lamb was discharged as a bankrupt. In 1843, the widow died, not having married again.

The question stated for the court was, whether Lamb, at the time of the rendition of the original judgment or bankruptcy, had such an interest as could be taken in execution under the judgment; if so, judgment to be for Fries, the plaintiff.

The court was of opinion he had.

After this decision, it is believed, the fact of the discharge in 1837 was discovered, and added to the case stated, but there was no re-argument in the court below.

*J. M. Porter*, for plaintiff.—As to the discharges, twenty-one years had not elapsed before judgment. The assignment in New Jersey passed the estate, or was evidence to rebut presumption of payment. Teetor *v.* Robinson, 7 Serg. & Rawle, 182.

*H. D. Maxwell*, for defendant.—There was a presumption of payment under the discharge, and a resulting trust, Roper *v.* McJunkin, 14 Serg. & Rawle, 364; Powers *v.* Hallman, 2 Watts, 218; Reely *v.* Glenn, 5 Watts, 77, 4 Whart. 269 ; Ebright *v.* The Bank, 1 Watts, 397. The New Jersey discharge was without effect. Story Confl. Laws, sec. 411, 428; Miln *v.* Morton, 6 Bin. 361 ; Williams *v.* Maus, 6 Watts, 278.

*Dec.* 29. GIBSON, C. J.—As Jacob Lamb is still alive, it is unnecessary to determine the quantum of the estate which he took by his father's will, for, whatever it may be, it is unexpired. If it was divested by any proceeding under an insolvent law, prior to the judgment in 1838, on which the premises were sold to the plaintiff, he had no interest that could be bound by it, except the interest which would result to him by implication of law after payment of the debts. He was discharged as an insolvent debtor by the Common Pleas of Northampton county, in 1821, on assigning his property for the benefit of his creditors ; and as

nothing was done under the assignment for more than twenty years, the presumption is that the debts were paid by him, and that the beneficial ownership of the property had all along remained in him. But there is no room for such presumption after his discharge by the inferior Court of Common Pleas of New Jersey, in 1837; and if the land in contest passed by his assignment on that occasion, there was no beneficial interest in him, on which the judgment could operate. It is clear that land can pass only by a conveyance, according to the laws of the country where it is situate; and hence a foreign assignment in bankruptcy, not being a voluntary conveyance of it by the bankrupt, will not pass it. But there is no reason why it should not pass by an insolvent's voluntary deed, without aid from the law of the country where he was discharged, provided the conveyance be executed according to the law of the situs. In Mullikin *v.* Aughenbaugh, 1 Penna. Rep. 117, it was said that an insolvent debtor's assignment, on his own petition, is a voluntary conveyance in consideration of his discharge; and it will consequently pass his land here, if it contain apt words, and be executed in all respects according to the law of the state. It is a part of the case, that there was a general assignment in this instance; and as the presumption is, that it was by deed according to the common law, it is decisive of the question. On the facts stated, we must take it, that the legal title to the premises is in the insolvent's assignees, under the law of New Jersey; and as there is neither proof nor presumption of payment, it appears that there was no beneficial interest in the insolvent debtor which would be bound and sold.

Judgment reversed, and rendered for the defendant below.